# CIRCUIT COURT OF FAIRFAX COUNTY

Banc of America
Leasing & Capital, L.L.C.

    v.

ePLUS Group, Inc.

January 4, 2007

Case No. CL 2005-2803

BY JUDGE RANDY I. BELLOWS

There are two matters presently before the Court: (1) the defendant's Motion to Reconsider and (2) the plaintiff's Motion for Expenses, Attorneys' Fees, and Costs. After careful consideration of the memoranda submitted by the parties, the Court is prepared to rule on the defendant's Motion to Reconsider. For reasons stated below, the defendant's Motion to Reconsider is denied. Because the Court reaches the merits of the defendant's Motion to Reconsider, it does not address the plaintiff's argument that the defendant is procedurally barred from raising its Motion to Reconsider. See Pl.'s Opp. to Mot. to Recon. 2. Accordingly, the January 5, 2007, 10:00 a.m. hearing for the plaintiff's Motion for Expenses, Attorneys' Fees, and Costs will remain on the Court's civil docket.

### Background

The matters before the Court concern a jury trial commencing on September 11, 2006, over which the Court presided. On September 14, 2006, the jury returned a verdict in favor of the plaintiff on its repurchase claim and its indemnity claim in the amount of $3,025,000.00 plus interest. On September 14, 2006, the Court entered an Order endorsing the jury's verdict and reserving the issue of attorneys' fees for October 13, 2006. The Court

continued the October 13, 2006, hearing until January 5, 2007. On September 29, 2006, the defendant filed the instant Motion to Reconsider, requesting the Court review its decision that the indemnity clause in the agreement between the parties permit the award of attorneys' fees for non-third-party litigation.

## Parties' Positions

### Defendant's Position

The defendant requests the Court reconsider its decision made during trial that the indemnity provision of the agreement between the parties permits the plaintiff to recover attorneys' fees associated with the litigation of this lawsuit. The defendant believes, contrary to the Court's decision at trial, that the indemnity clause only permits the plaintiff to recover attorneys' fees incurred with third-party litigation.

To support its position that the indemnity clause at issue limits the recovery of attorneys' fees to third-party cases, the defendant cites California case law which demonstrates that California favors a strong presumption in favor of interpreting similar indemnity clauses to limit attorneys' fees recovery to third-party claims. Further, the defendant argues that the actual text of the indemnity clause at issue favors an interpretation contrary to the Court's decision at trial. Therefore, the defendant believes that the actual indemnity clause warrants the conclusion that the plaintiff is not presently entitled to attorneys' fees.

### Plaintiff's Position

Contrary to the defendant, the plaintiff argues that the indemnity clause at issue permits the plaintiff to recover costs incurred with the prosecution of this litigation. In other words, the plaintiff argues that the defendant's interpretation of the indemnity clause of the agreement is mistaken and ignores the plain language of the agreement in its entirety and the precise indemnity language in the indemnity agreement. According to the plaintiff, there is nothing in the agreement between the parties or in the precise indemnity provision of the agreement, which limits indemnity to third-party claims. Further, the indemnity provision of the agreement actually provides for an award of attorneys' fees in this case's precise situation, where the defendant failed to make payments to the plaintiff under the agreement.

*Analysis*

The indemnity clause at issue states as follows:

Notwithstanding anything herein to the contrary, Lessor shall indemnify and hold BAVF and its Affiliates harmless from and against any and all Losses arising from or relating to an Indemnity Event. BAVF agrees to provide written notice to Lessor, within thirty (30) days of BAVF having actual knowledge thereof, of any claim for which Lessor would be obligated to indemnify BAVF hereunder. . . .

"Losses" means any and all claims, liabilities, demands, expenses, interest, penalties, and proceedings whatsoever involving or affecting BAVF and its Affiliates (including reasonable attorneys' fees and allocated costs of internal counsel).

"Indemnity Event" means any of the following:

(a) Lessor (i) fails to make any payment or deposit to be made by it under this Agreement when due; or (ii) fails to perform or observe any other term, covenant, or agreement under this Agreement and such failure shall remain unremedied for 10 days after written notice to Lessor; or

(b) Any representation or warranty made or deemed made by Lessor (or any of its Affiliates) under or in connection with this Agreement proves to have been false or incorrect when made or deemed made; or

(c) Any negligent act or omission of Lessor which remains unremedied for 10 days after written notice to Lessor; or

(d) Any intentional act or omission, or any misrepresentation of Lessor or any of its Affiliates or distributors; or

(e) The failure of any Contract to comply with applicable laws, regulations, or contractual specifications or warranties; or

(f) The alleged failure of Lessor to pay when due any taxes (including property taxes) for which Lessor is liable.

Def.'s Mot. to Recon. 2-3.

The defendant argues that the indemnity clause only requires it to indemnify plaintiff for attorneys' fees incurred and associated with third-party claims. The plaintiff, however, reads the indemnity clause to permit it to seek attorneys' fees associated with the instant litigation with the defendant.

The crux of the defendant's position is its theory that California courts interpret general indemnity clauses only to cover third-party claims and not disputes between the parties concerning the enforcement of the agreement. At trial, the Court determined that California law governs this analysis. Thus, in California, when the indemnity clause does not clearly state either that it permits attorneys' fee recovery for litigation between the parties or that it limits attorneys' fee recovery to third-party claims, the defendant believes that California favors the more stringent interpretation, that general indemnity clauses silent on this issue are interpreted not to permit attorneys' fee recovery for claims between the parties.

The defendant cites several California cases which stand for the proposition that California favors a strong presumption in favor of interpreting indemnity clauses limiting attorneys' fee recovery to third-party claims. Moreover, the cited cases demonstrate that California distinguishes between standard indemnity clauses, which generally only permit recovery of attorneys' fees associated with third-party litigation, and attorneys' fees clauses, which shift attorneys' fees to the unsuccessful party in disputes between the parties. In other words, California seems to view indemnity clauses as awarding attorneys' fees incurred with third-party lawsuits and attorneys' fees clauses as awarding attorneys' fees incurred with litigation between the parties concerning the enforcement of the agreement. See, e.g., *Myers Building Indust., Ltd. v. Interface Tech., Inc.*, 13 Cal. App. 4th 949, 17 Cal. Rptr. 2d 242 (1993).

After careful consideration of the indemnity clause at issue, both during the trial and upon review of the defendant's instant motion, the Court finds that its earlier decision at trial, i.e., that the indemnity clause contemplates the defendant's indemnification of the plaintiff for attorneys' fees associated with pursuing this litigation, is correct. The indemnity clause unequivocally provides for the indemnification of the plaintiff when the defendant "fails to perform or observe any other term, covenant, or agreement under this Agreement." The jury found that the defendant failed to make payments to plaintiff under the agreement. Accordingly, the defendant's Motion to Reconsider is denied.